**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 22-00021-01

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

THOMAS DEW (01)                              MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a *pro se* Motion to Withdraw Guilty Plea (Record Document 369) filed by the defendant, Thomas Dew ("Dew"). Dew disagrees with the drug quantity attributed to him and submits that he did not expect a life sentence. See id. He claims, "I[f] you have to hit me with this crazy amount I would like to withdraw my guilty plea and go to trial to I know I fought." Id. at 3. The Government responded to the motion, arguing Dew's disagreement with the suggested guideline range does not support withdrawal of his guilty plea. See Record Document 371. Dew also filed a supplemental letter with the Court, where in he again asks the Court to allow him to proceed to trial. See Record Document 374.

Dew is represented by experienced and extremely competent criminal defense counsel, Craig Bass. "A criminal defendant does not have the right to 'hybrid representation.'" United States v. Ogbonna, 184 F.3d 447, 449 & n. 1 (5th Cir.1999); United States v. Lopez, 313 F.App'x 730, 731 (5th Cir. 2009). Thus, Dew's *pro se* Motion to Withdraw Guilty Plea is an unauthorized motion that can be disregarded by this Court. See Lopez, 313 F.App'x at 731. The motion is **DENIED** on this basis alone.

Furthermore, a review of Dew's motion reveals that he has not met his burden to withdraw his guilty plea. Federal Rule of Criminal Procedure 11(d)(2)(B) provides:

> A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal.

F.R.Cr.P. 11(d)(2)(B).  "There is no absolute right to withdraw a guilty plea." United States v. Benavides, 793 F.2d 612, 616 (5th Cir. 1986).  Such motions are committed to the discretion of the district court and the court's decision will not be disturbed absent an abuse of discretion. See id.  At all times, the defendant bears "the burden of establishing a reason for the withdrawal of the plea and that withdrawal is fair and just."  Id.

Courts have considered various elements and factors when applying the "fair and just reason" standard.  United States v. Carr, 740 F.2d 339, 343 (5th Cir. 1984).  Within the Fifth Circuit, "the factors that should be considered when applying this standard are: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources; and, as applicable, the reason why defenses advanced later were not proffered at the time of the original pleading, or the reasons why a defendant delayed in making his withdrawal motion."  Id. at 343-44.  In applying the Carr factors, courts should consider the totality of the circumstances.  See id. at 344.

Here, the Court has considered the Carr factors and finds that the application of such factors weighs in favor of denying Dew's motion.  Dew has not asserted his innocence.  Rather, he confesses to the conspiracy, but challenges the drug weight

attributable to him.  The Government would also suffer prejudice as it has an interest in completing the prosecution of this 2022 criminal case.  Allowing the withdrawal of the plea would also be an inefficient use of the Court's time and waste judicial resources. Dew had able and competent counsel at the time of his plea and the Court's notes reflect that Dew was advised that he could not withdraw his guilty plea because his sentence was higher than expected.  Thus, Dew's *pro se* Motion to Withdraw Guilty Plea (Record Document 369) is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of October, 2025.

_____
United States District Judge